IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TONIA SKIDMORE<br><br>  Plaintiff(s)<br><br>v.<br><br>MARRIOTT INTERNATIONAL INC.<br><br>  Defendant(s) | Civil Action No. 4:22-cv-2230 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, 1441 and 1446 (a), Defendant Marriott International, Inc. (hereinafter referred to as "Marriott" or "Defendant") files this Notice of Removal hereby removing this action from the 234th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## I. INTRODUCTION

1. Plaintiff Tonia Skidmore (hereinafter referred to as "Plaintiff") filed an Original Petition, Request for Disclosure, and Rule 193.7 Notice (**Exhibit 4**) in this case in the 234th Judicial District Court for Harris County, Texas on May 27, 2022.

2. Defendant was served with process on June 7, 2022. **(Exhibit 5)**

3. This Notice of Removal is being filed within thirty (30) days of service of summons upon the Defendant.

## II. GROUNDS FOR REMOVAL

4. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Therefore, this action may be removed to this Court. 28 U.S.C. § 1441(a); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). To remove this action based

on diversity, Defendants must demonstrate that (1) the parties are citizens of different States and (2) the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1332, 1441(b); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d at 572.

### A. Complete Diversity of Citizenship Exists Between the Parties

5. Plaintiff is a resident of Hardin County, Texas. *See* Pl. Orig. Pet. at ¶ 1, attached and incorporated by reference hereto as **Exhibit 1**. Accordingly, Plaintiff was at the time of filing of this action, has been at all times since, and still is a citizen of the State of Texas.

6. Defendant Marriott International, Inc. is a company incorporated in Delaware with its principal place of business located at 10400 Fernwood Road, Bethesda, MD 20817.[1] Accordingly, Defendant Marriott International, Inc. was at the time of filing of this action, has been at all times since, and still is a citizen of Delaware and Maryland.

7. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware with a principal place of business in Maryland, complete diversity of citizenship exists between the parties.

### B. The Amount of Controversy Exceeds the Federal Jurisdictional Requirement.

8. A court must examine a plaintiff's live pleading at the time of removal to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

9. Plaintiff's Petition alleges that Plaintiff seeks damaging including past and future "physical pain and mental anguish," physical impairment, medical expenses, and lost wages. This includes all actual and consequential damages incurred by the Plaintiff by reason thereof in an

---

[1] Plaintiff's Original Petition states that Defendant is "located in Washington, D.C.," but that is not its principal place of business.

amount to be determined by the trier of fact." *See* Plaintiff's Petition at ¶¶6.1-6.2. Moreover, Plaintiff asserts she pleads "damages for monetary relief over $50,000 but under $100,000," pursuant to Texas Rules of Civil Procedure 47. *See* Plaintiff's Petition at ¶6.1. This is not a proper pleading requirement pursuant to Texas Rules of Civil Procedure 47.[2]

10. The current pleading requirements for pleading under Texas Rules of Civil Procedure 47 requires a plaintiff to plead the monetary amount of relief sought as follows:

(1) only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs;

(2) monetary relief of $250,000 or less and non-monetary relief;

(3) monetary relief over $250,000 but not more than $1,000,000;

(4) monetary relief over $1,000,000; or

(5) only non-monetary relief.

*See* Texas Rule of Civil Procedure 47 (effective for cases filed on or after January 1, 2021).

11. Plaintiff also designated her cause of action as a Level 3 discovery control plan pursuant to Texas Rule of Civil Procedure 190. *See* Petition at 1.1 Level 3 cases do not require a pleading of a minimum amount in controversy. However, a party cannot plead a Level 3 discovery plan because Level 3 requires a court order. *See* Texas Rule of Civil Procedure 190.4(a). *See also* Comment 1 (1999) (". . . a plaintiff's statement in the initial paragraph of the petition that the case is to be governed by Level 3 does not make Level 3 applicable as a case can be in Level 3 only by court order." If Plaintiff had designated her cause of action as a Level 2 discovery control plan, the amount in controversy pleading requirement would be "over $250,000" because the other

---

[2] It is unclear if this improper pleading amount is an effort to avoid removal to Federal Court or simply a mistake in plaintiff's petition. *See infra* discussion in ¶ 12.

option is a Level 1 discovery control plan, which requires affirmative pleading that plaintiff seeks "only monetary relief aggregating $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys fees and costs." *See* Texas Rules of Civil Procedure 169(a) and 190.2(a)(1). Because Plaintiff did not plead her petition as a Level 1 discovery control plan, it is clear that the amount in controversy exceeds $250,000.

12.     Further, in a diversity case, if a jury could award damages based on the petition that exceed $75,000, and Plaintiff has not tendered a binding stipulation that she will take less than that amount, removal requirements are met. *See St. Paul Reinsurance Co.*, 134 F.3d at 1254 n. 18 (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)) ("We have nevertheless remained vigilant to the potential for manipulation by the plaintiff who prays for damages below the jurisdictional amount even though he knows that his claim is actually worth more," this Circuit has observed that Texas plaintiffs desiring to prevent removal "must file a binding stipulation or affidavit with their complaints.")

13.     Therefore, the $75,000 amount in controversy threshold is met.

### III. VENUE

14.     Because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Therefore, Defendant removes this cause from state court to the United States District Court for the Southern District of Texas, Houston Division.

### III. NOTICE OF FILING OF NOTICE AND JURY DEMAND

15.     Upon filing of the Notice of Removal, written notice of the filing shall be forwarded to all parties of record in accordance with 28 U.S.C. § 1446(d). Notice of Filing of the Notice of

Removal will be sent to the Clerk of the Court upon receipt of proof of filing of these removal documents in accordance with 28 U.S.C. § 1446(d).

16. Defendant demands a jury trial.

## IV. PROCEDURAL REQUIREMENTS

13. Pursuant to 28 U.S.C. §1446(a), Defendant provides the following to the clerk for filing:

**EXHIBIT 1**     Index of Matters Being Filed

**EXHIBIT 2**     State Court Docket Sheet

**EXHIBIT 3**     List of all Counsel of Record including addresses, telephone numbers and parties represented

**EXHIBIT 4**     Plaintiffs' Original Petition, Request for Disclosure, and Rule 193.7 Notice

**EXHIBIT 5**     Service of Process

14. Pursuant to 28 U.S.C.§ l446(d), written notices of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

15. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the District Clerk for the 234th Judicial District Court of Harris County, Texas promptly after filing of same.

## V. CONCLUSION

Defendant Marriott International, Inc. respectfully requests that the above-captioned action now pending in the 234th Judicial District Court of Harris County, Texas, be removed to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully Submitted,

*[signature: Keith Jefferson]*

**KEITH A. JEFFERSON**
Attorney-in-Charge
Bar No. 24038979
NAN LEVERETT
Bar No. 24041335
**MEADERS & ALFARO**
2 Riverway, Suite 845
Houston, TX  77056
Telephone: (713) 403-3123
Facsimile: (855) 602-8224
*E-Service: efiling@meaderslaw.com*
Email: keith.jefferson@meaderslaw.com

**ATTORNEYS FOR DEFENDANT
MARRIOTT INTERNATIONAL, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 6th day of July, 2022, I electronically filed the foregoing document with the Clerk of the Court for the Southern District, using the CM/ECF system which will send notification of such filing to the following:

    Philip J. Orth, III
    16406 Lamplighter
    Crosby, Texas 77532
    Email: Philip.Orth@yahoo.com
    *Attorney for Plaintiff*

                                          */s/ Keith Jefferson*
                                          **KEITH A. JEFFERSON**